IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Warrick Dwayne Castille, | ) | C/A No. 0:20-2160-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Dobbs Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1] Warrick Dwayne Castille ("Petitioner" or "Castille"), a federal prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2241. (DE 1.) The Report recommended summary dismissal without prejudice and without requiring the captioned Respondent to file a return because Castille fails to meet the requisite elements for § 2241 relief. (DE 12.) Castille filed an Objection to the Report and Recommendation. (DE 14.) For the following reasons, the Court adopts the Report and Recommendation.

Although Castille filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

& n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the court has identified the following specific objections, which will be addressed herein. Petitioner objects to the Report's finding that Castille "has not shown that his challenge to his sentence/conviction [relies] on a change in substantive law and therefore, has not satisfied the §2255(e) savings clause to seek relief under § 2241." (DE 14, p. 2.) The Report cites to Fourth Circuit precedence for the proposition that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

Here, Petitioner fails to meet the second element of the Wheeler standard—that is, Petitioner fails to point to a substantive change in the law that would retroactively apply to Petitioner's sentence. Castille claims that his robbery of the bank involved a toy gun that was not

2

actually a pistol and, therefore, should not have been considered as an enhancement towards a greater sentence. However, "[For purposes of the savings clause,] a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." <u>United States v. Surratt</u>, 797 F.3d 240, 249 (4th Cir. 2015) (citing <u>Marrero v. Ives</u>, 682 F.3d 1190, 1193 (9th Cir.2012)). Accordingly, Castille's claim of actual innocence of a career offender enhancement by virtue of the use of a toy gun, rather than an actual gun, during the commission of the predicate bank robbery is not a claim of actual innocence of the crime of conviction and thus not the type of claim that warrants review under § 2241. Therefore, the Court dismisses Castille's Petition without prejudice.

<b>CONCLUSION</b>

For the foregoing reasons, the Court adopts the Report and Recommendation. It is therefore ORDERED that Castille's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Savings Clause Provision is denied without prejudice. Further, it is ORDERED that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
June 11, 2021

<b>NOTICE OF RIGHT TO APPEAL</b>

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.